# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | No. 21-CR-3026-LTS-KEM |
| vs. | **REPORT AND RECOMMENDATION** |
| SEAN HUEGLI, | |
| Defendant. | |

Defendant Sean Huegli moves to suppress evidence seized from a vehicle he was driving, arguing that the search warrant description for the vehicle was not sufficiently particular, as it listed the wrong model of the vehicle. Docs. 22, 22-1. The Government resists. Doc. 34. I held a hearing on the motion on October 6, 2021. Doc. 39. At the hearing, Clear Lake Police Department Investigator Ashley Lopez, who prepared the search warrant application, testified by telephone. I also admitted the following exhibits into evidence:

| Defendant Exhibits | | |
|---|---|---|
| Exhibit No. | Description | Docket No. |
| A | Search warrant | 23-1 |
| B | Clear Lake Police Department property report | 23-2 |

| Government Exhibits | | |
|---|---|---|
| Exhibit No. | Description | Docket No. |
| 1 | Search warrant (duplicative of Defendant Exhibit A) | 35 |
| 1a | Search warrant application | 35-1 |
| 2 | Clear Lake Police Department vehicle search results | 35-2 |
| 3 | Title to vehicle (photo) | 35-3 |

| Exhibit No. | Description | Docket No. |
|---|---|---|
| 4 | Post-search email between Investigator Lopez and Iowa Department of Transportation clerk | 35-4 |
| 5 | Iowa Motor Vehicle Registration (as shown at the time of the search) | 35-5 |
| 6 | Updated post-search Iowa Motor Vehicle Registration (as shown after correction following email in Exhibit 4) | 35-6 |

For the reasons that follow, I recommend **denying** the motion to suppress (Doc. 22).

Law enforcement arrested Huegli after a traffic stop. *See* Doc. 22-1. They impounded the vehicle he had been driving, a red GMC Jimmy registered to a third party with a license plate beginning with JUZ and a VIN number beginning with 1GK. *Id*. They obtained a search warrant for the vehicle listing the correct license plate number, VIN number, and third-party registrant for the vehicle, but they described the vehicle as a "red GMC Envoy," rather than a red GMC Jimmy. *See* Doc. 35-1. The title and registration to the vehicle incorrectly listed the model as an Envoy, and Iowa Department of Transportation records also described the vehicle as an Envoy. The words "Jimmy" did appear on the outside of the vehicle, but Investigator Lopez testified that she did not notice this when preparing the search warrant and instead relied on the description of the vehicle on Iowa Department of Transportation records.

Huegli moves to suppress evidence seized during the search of the vehicle based on the mistake in the search warrant describing the vehicle to be searched as an Envoy rather than a Jimmy.[1] *See* Doc. 22. Huegli relies on *United States v. Thomas*, which

---

[1] I assume, without deciding, that Huegli has standing to challenge the search of the vehicle. *See **United States v. James***, 3 F.4th 1102, 1106 n.3 (8th Cir. 2021) (assuming defendant had standing to challenge the search warrants, noting that "'Fourth Amendment standing' is not jurisdictional and need not be addressed first" (quoting ***Byrd v. United States***, 138 S. Ct. 1518, 1530 (2018))).

2

recognized that "[t]o satisfy the particularity requirement" of the Fourth Amendment, "the [vehicle] to be searched must be 'described with sufficient particularity as to enable the executing officer to locate and identify the [vehicle] with reasonable effort' and to avoid mistakenly searching the wrong [vehicle]." 263 F.3d 805, 807 (8th Cir. 2001) (quoting *United States v. Gitcho*, 601 F.2d 369, 371 (8th Cir. 1979)). "Mere technical errors in particularity are not enough to invalidate a search warrant." *United States v. Valentine*, 984 F.2d 906, 909 (8th Cir. 1993). "[W]arrants have been upheld 'where one part of the description of the [vehicle] to be searched is inaccurate, but the description has other parts which identify the [vehicle] to be searched with particularity.'" *United States v. Palega*, 556 F.3d 709, 713 (8th Cir. 2009) (quoting *Gitcho*, 601 F.2d at 371). In *Thomas*, although the affidavit in support of the search warrant "included the proper address and a detailed description of the [apartment] to be searched," the warrant itself inadvertently listed the wrong address (correct street, but wrong street number and apartment number) and contained no other identifying information about the apartment. 263 F.3d at 806-07. The court held the warrant invalid, although it recognized "several [Eighth Circuit] cases . . . finding the particularity requirement satisfied although the description on the search warrant in question was not entirely accurate" (and ultimately declined to suppress evidence under the good-faith exception). *Id.* at 807, 809.

Here, the only mistake in the warrant itself was an error describing the make of the vehicle to be searched as an Envoy, as opposed to a Jimmy. Unlike in *Thomas*, here, the warrant contained other identifying information for the vehicle, namely, the VIN number, the license plate number, the registrant of the vehicle, and its color (red). As I noted in a prior case, "a VIN number" and a license plate number "is distinct to each vehicle." *United States v. Ross*, No. 17-CR-4071-LTS-1, 2018 WL 3091623, at *7 (N.D. Iowa Apr. 11, 2018), *report and recommendation adopted*, 2018 WL 1911344 (Apr. 23, 2018). As such, "the description of the [vehicle] in the warrant provided

3

enough accuracy to locate the intended [vehicle], regardless of the" error in describing the model. *Palega*, 556 F.3d at 713.

Even if the affidavit was insufficiently particular such that the warrant was invalid, the good-faith exception would apply. When evaluating whether officers relied in good faith on a warrant containing inaccurate information affecting particularity, the Eighth Circuit has found relevant that "the agents executing the warrant personally knew which [vehicle] w[as] intended to be searched," that the vehicle was "under constant surveillance while the warrant was obtained," and that the vehicle "which w[a]s intended to be searched w[as], in fact, [the vehicle] actually searched." *Gitcho*, 601 F.2d at 371-72 (upholding search when the warrant listed a nonexistent address for the house to be searched and no other description); *see Thomas*, 263 F.3d at 809 (upholding search when the warrant listed an incorrect, existing address because the residence to be searched was under surveillance while the warrant was obtained, and the officer executing the warrant had personal knowledge of the residence to be searched); *Lyons v. Robinson*, 783 F.2d 737, 738 (8th Cir. 1985) (per curiam) (upholding search when a house sat on an intersection of two streets and officers mistakenly listed the wrong intersecting street in the house's address, because the warrant provided an accurate physical description of the premises and officers executing the warrant knew which house was supposed to be searched); *see also United States v. Gamboa*, 439 F.3d 796, 806-07 (8th Cir. 2006); *United States v. McCain*, 677 F.2d 657, 660-61 (8th Cir. 1982).

Here, officers had impounded the red Jimmy driven by Huegli, and they obtained a search warrant to search that vehicle. The only reason the search warrant described the vehicle to be searched as an Envoy rather than a Jimmy is because the title, registration, and Department of Transportation records incorrectly described the vehicle as an Envoy. Officers intended to search the vehicle driven by Huegli, and that vehicle (and no other) was searched. Any deficiency in particularity, therefore, does not require suppression under the good-faith exception. *See United States v. Clement*, 747 F.2d

4

460, 461 (8th Cir. 1984) (upholding search when the warrant authorized the search of an apartment belonging to defendant but listed the wrong apartment number, because there was no probability of mistake since officers "personally knew which premises were intended to be searched" and belonged to the defendant).[2]

I recommend denying the motion to suppress (Doc. 22).

Objections to this Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b), and Local Criminal Rule 59, must be filed within fourteen days of the service of a copy of this Report and Recommendation; any response to the objections must be filed within seven days after service of the objections. A party asserting such objections must arrange promptly for the transcription of all portions of the record that the district court judge will need to rule on the objections. LCrR 59. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Crim. P. 59. Failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**ENTERED** this 8th day of October, 2021.

_Kelly K.E. Mahoney_
Kelly K.E. Mahoney
United States Magistrate Judge
Northern District of Iowa

---

[2] I decline to address the Government's argument that the automobile exception applies, but I do note that all cases relied upon by Huegli involved searches of homes, rather than vehicles, which are treated differently under the Fourth Amendment. I also note that Huegli essentially conceded during the hearing that the caselaw was not in his favor on this issue.

5