# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. SEAN HUEGLI, Defendant. | No. CR21-3026-LTS<br><br>**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING MOTION TO SUPRESS** |

## I.  INTRODUCTION

This case is before me on a Report and Recommendation (R&R) (Doc. 42) in which Chief United States Magistrate Judge Kelly K.E. Mahoney recommends that I deny defendant Sean Huegli's motion (Doc. 22) to suppress. Huegli has not filed any objections to the R&R and any such objections are now deemed waived. *See* LR 72A; *see also* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2).[1]

## II.  STANDARD OF REVIEW

When a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is

---

[1] Huegli has now changed his pleas to guilty with regard to all three counts of the indictment and is awaiting sentencing. *See* Docs. 46, 47, 48. Nonetheless, I find it appropriate to address the R&R in order to fully resolve the motion to suppress.

evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## III. DISCUSSION

Because Huegli did not object to the R&R, I have reviewed it for clear error. Judge Mahoney applied the appropriate legal standards in considering whether law enforcement officials violated Huegli's Fourth Amendment rights. Judge Mahoney properly concluded that the warrant was sufficiently particular, as the only mistake in the warrant was the make of the vehicle to be searched, and the warrant otherwise contained sufficient identifying information, including its unique VIN and license plate numbers. I agree with Judge Mahoney's conclusion that the description of the vehicle provided enough accurate information to locate the correct vehicle, despite the erroneous model description.

I further agree with Judge Mahoney that even if the affidavit was not sufficiently particular to satisfy the Fourth Amendment, the good-faith exception would apply. Officers impounded Huegli's vehicle before obtaining a search warrant to search it. The only reason the warrant incorrectly listed the vehicle as an Envoy, rather than a Jimmy, is because the vehicle's official records, including the title, registration and Department of Transportation records, stated that it was Envoy. Therefore, the good-faith exception would excuse any deficiencies in particularity.

In short, I find no error—clear or otherwise—in Judge Mahoney's factual findings and legal conclusions. As such, I accept the R&R in its entirety.

## IV. CONCLUSION

For the reasons set forth herein:

1. I **accept** Judge Mahoney's Report and Recommendation (Doc. 42) in its entirety and without modification. *See* 28 U.S.C. § 636(b)(1).

2. Pursuant to Judge Mahoney's recommendation, the defendant's motion (Doc. 22) to suppress evidence is hereby **denied**.

**IT IS SO ORDERED.**

**DATED** this 22nd day of December, 2021.

_____
Leonard T. Strand, Chief Judge